IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. DUDA | ) | FILED: AUGUST 13, 2008 |
| | ) | 08CV4594 |
| Plaintiff, | ) | JUDGE KENNELLY |
| | ) | MAGISTRATE JUDGE COX |
| v. | ) | No. PH |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, a municipal Corporation, | ) ) ) | |
| | ) | Jury Demand Requested |
| Defendant. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Now comes the plaintiff, ANTHONY J. DUDA, by his attorneys Kinoy, Taren & Geraghty P.C., and hereby complains against defendant, CHICAGO TRANSIT AUTHORITY. as follows:

I.   **INTRODUCTION**

1.   This action is brought pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) and the Rehabilitation Act of 1973 alleging that defendant refused to re-employ plaintiff and/or refused to reasonably accommodate him because of his disability and/or because it regarded him as disabled.   Plaintiff seeks injunctive relief and actual and punitive damages.

II.   **JURISDICTION AND VENUE**

2.   This court has jurisdiction over the Chicago Transit Authority pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 12117(a) and 2000e-5(f)(3). Venue is proper in the Northern

1

District of Illinois, Eastern Division pursuant to 42 U.S.C. § 2000e-5(f)(3) since the unlawful practices occurred within this District and pursuant to 28 U.S.C. § 1391(b) and (c).

3. Plaintiff has fully complied with all jurisdictional prerequisites necessary to pursue his action under the Americans with Disabilities Act. On or about April 28, 2008, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of a discriminatory practice on the basis of his disability. On August 4, 2008 the United States Department of Justice, on behalf of the EEOC, issued plaintiff a 90-day Right to Sue letter. This action has been filed within 90 days of the issuance of that letter, which is attached hereto.

III. **PARTIES**

4. Plaintiff Anthony J. Duda is a 51-year-old male citizen of the United States residing in Brookkfield, Illinois, County of Cook. At all times relevant hereto, Duda was regarded by defendant as a qualified person with a disability as that term is defined in Section 3 of the ADA, 42 U.S.C. § 12102(2) and §101(8), 42 U.S.C. § 12111(8). Alternatively, plaintiff was a qualified person with a disability and/or had a history of disability as defined at 29 C.F.R. § 1630.3(b)

5. Defendant Chicago Transit Authority (hereinafter referred to as "CTA") is a municipal corporation with the power to sue and be sued pursuant to 70 ILCS § 3605/5 et seq. business. The CTA does business within the City of Chicago, County of Cook and is an employer within the meaning of the ADA and the Rehabilitation Act. The CTA operates a program or activity that receives federal financial assistance from within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.

IV. **FACTUAL ALLEGATIONS**

6.   Plaintiff Anthony J. Duda has been employed by the CTA for over twenty-six (26) years. His last position was as a Bus Instructor II.

7.   On or about March 18, 2005, plaintiff was hospitalized and diagnosed as having a bi-polar disorder. Immediately prior to that time, plaintiff was performing up to the legitimate expectations of his job. After a brief period of disability, Mr. Duda was placed on the medication lithium and returned to work.

8.   Around August 3, 2006, Mr. Duda was advised by his doctor to take sick leave due to his condition. On or about September 28, 2006, Mr. Duda was released by his psychiatrist to return to work without restriction. At that time, the medical review officer of the CTA refused to allow Mr. Duda to return to his position solely because he was taking the medication lithium. The CTA contended that a person who takes lithium cannot safely operate a motor vehicle. This, despite the fact that neither the Illinois Secretary of State nor the United States Department of Transportation places any restrictions on drivers merely because they are treated with the drug lithium.

9.   The ability to drive a bus is not an essential function of Mr. Duda's position as an instructor. Mr. Duda rarely drives a bus during the course of his training as an instructor. Any such driving takes place in the training area at the CTA training facility as an instructional demonstration.

10.  At his request, the CTA agreed to reasonably accommodate Mr. Duda for the period November 2006 through November 2007 by assigning him to be a class room instructor at the CTA Training Center.

11.  Since the CTA has a policy of only granting reasonable accommodations for a one year period, the CTA required Mr. Duda to reapply for an accommodation in November 2007. At or about that time, Mr. Duda informed the CTA that there were no restrictions placed

upon his ability to drive and he requested that he be reinstated to his previous position. He also requested a reasonable accommodation in the event the CTA refused to allow him to return to his prior position.

12. The CTA refused to renew the plaintiff's reasonable accommodation. In addition, the CTA refused to allow Mr. Duda to return to his prior position because it erroneously believes that taking lithium makes him unable to perform the essential functions of his job.

13. The plaintiff is currently able to perform all of the essential functions of his job as a bus driver trainer and since November 2007, has been able to perform all of the essential functions of his job.

14. On or about July 18, 2008, after being informed that Mr. Duda was no longer taking Lithium for his disability, the CTA reinstated Mr. Duda to full duty. However, the defendant has placed restrictions on plaintiff's employment solely because of his disability, mandating that he submit updated medical reports every ninety (90) days and notifying him that any "unacceptable behavior" will subject him to discipline up to and including discharge.

15. As a result of the defendant's unlawful refusal to reasonably accommodate the plaintiff and/or to allow him to return to work between November 2007 and July 20, 2008, the plaintiff was deprived of wages and benefits and suffered emotional distress.

V.  **STATEMENT OF CLAIMS**

16. The actions of the defendant, as set forth herein, discriminated against the plaintiff on the basis of his disability, his record of disability and because he was regarded as disabled in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*

17. The defendant's refusal to reasonably accommodate the plaintiff's disability, if any accommodation was necessary, violates its obligations under the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973.

18. As a result of the above discriminatory action, the plaintiff has suffered substantial economic losses including lost wages, lost benefits, and attorneys' fees and costs.

19. As a result of the above discriminatory action, the plaintiff is suffering and will suffer substantial emotional injury damages.

20. The actions of the defendant were willful, malicious and taken in reckless disregard for the rights of the plaintiff justifying the imposition of punitive damages.

WHEREFORE, plaintiff respectfully requests that, after trial by jury, this court enter judgment in favor of plaintiff and against defendant as follows:

A. Granting injunctive relief directing defendant to make him whole for all seniority and earnings he would have received but for defendant's discriminatory treatment, including but not limited to wages, commissions, pension, stock options and other lost benefits;

B. Ordering defendant to remove any and all employment restrictions and personnel actions placed upon plaintiff solely because of his disability.;

C. Awarding plaintiff compensatory damages to compensate him for his emotional injury damages;

D. Awarding plaintiff punitive damages;

E. Awarding plaintiff the costs of this action together with reasonable attorney's fees as provided by § 107(a) of the Americans with Disabilities Act 42 U.S.C. § 12117(a) and 42 U.S.C. § 1988.

F. Granting such other relief as this Court deems necessary and proper.

5

Respectfully submitted,

**/s Jeffrey L. Taren**
Kinoy, Taren & Geraghty P.C.
224 S. Michigan Ave. #300
Chicago, IL 60604
(312) 663-5210
ktgtaren@aol.co,
Illinois Bar #2796821